GERMAN C. SINISTERRA,

       Movant,                       No. 08-1925

v.

UNITED STATES OF AMERICA,

       Respondent.

**MOTION FOR APPOINTMENT OF COUNSEL FOR APPEAL FROM
DISTRICT COURT'S DENIAL OF § 2255 MOTION**

Comes now movant German Sinisterra, through undersigned counsel, and moves this Court to appoint John Jenab, of Jenab & McCauley LLP, Olathe, KS, and Jon M. Sands, Federal Public Defender, District of Arizona as co-counsel of record for movant. In support hereof, movant states:

1. Mr. Sinisterra is a federally death-sentenced prisoner whose motion under 28 U.S.C. § 2255 has been denied without an evidentiary hearing and without discovery by the United States District Court for the Western District of Missouri, Western Division, the Honorable Gary A. Fenner, Presiding. Mr. Sinisterra's § 2255 motion pled non-frivolous claims that his capital trial was unconstitutional and affected by, inter alia, his trial counsel's ineffectiveness at both stages of his trial, including allegations that trial counsel: 1) failed to retain a qualified mitigation specialist; 2) failed to conduct any meaningful mitigation investigation, particularly in Colombia where Mr. Sinisterra had lived for most of his life and where his entire family still live; 3) failed to investigate or present significant available mitigating evidence, such as that Mr. Sinisterra grew up in abject poverty, was severely abused by adults in his family, was gang-raped as a teenager and later molested by an older brother, suffers from trauma-related organic brain impairments, and lacks the ability to perform basic life skills; 4) failed to object to clear prosecutorial misconduct in penalty phase closing

Appellate Case: 08-1925    Page: 1    Date Filed: 05/06/2008 Entry ID: 3431220

arguments; 5) failed to communicate with Sinisterra through an interpreter, though his first language is Spanish and his English was very limited, which led to a complete breakdown in his communication with his attorneys; and 6) failed to prepare him for his trial testimony.

2. The United States Supreme Court has held that mitigating evidence of the kind Mr. Sinisterra's jury never heard bears powerfully on a capital defendant's moral culpability. *See Williams v. Taylor*, 529 U.S. 362, 395 (2000) (counsel ineffective for failing to investigate and present evidence of petitioner's "nightmarish childhood"); *Wiggins v. Smith*, 539 U.S. 510, 535 (2003) (counsel ineffective for failing to investigate and present evidence of petitioner's "severe privation and abuse" as a child, including sexual molestation and rape, as well as petitioner's homelessness and diminished mental capacities); *Tennard v. Dretke*, 542 U.S. 274, 287-88 (2004) (noting that "impaired intellectual functioning is inherently mitigating" and that "evidence of significantly impaired intellectual functioning is obviously evidence that might serve as a basis for a sentence of less than death") (internal quotation marks and citations omitted). *See also Simmons v. Luebbers*, 299 F.3d 929, 935-38 (8th Cir. 2002), cert. denied, 538 U.S. 923 (2003) (trial counsel ineffective for failing to present evidence that petitioner was raised in abusive home and was himself beaten as a child; that at the age of 12 or 13 he ran away from home and was raped; that he grew up in an impoverished neighborhood with frequent street violence; and that he had an I.Q. of 83; state supreme court's view of "attorneys' penalty phase actions . . . [as] part of a sound trial strategy" was rejected because "there was no justifiable reason to prevent the jury from learning about Simmons's [mitigating] childhood experiences").

3. Though Mr. Sinisterra pled these facts and corroborated his counsel's failures with affidavits, on December 14, 2007, the district court denied Mr. Sinisterra's claims without an

evidentiary hearing or any further factual development despite the record's inclusion of facts and affidavits establishing issues as fundamental as whether Mr. Sinisterra's trial team included anyone qualified to conduct a capital mitigation investigation. *See* 28 U.S. § 2255 (stating that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon ...").[1]

4. Despite the presence of these and other significant issues in the case, on April 18, 2008, the district court denied Mr. Sinisterra's application for a certificate of appealability (COA) within an hour of its filing, in a one-sentence order. *See Sinisterra v. United States*, No. 04-8003-CV-W-GAF, Order Denying Motion For Certificate Of Appealability (4/18/08), Docket Entry No. 80.

5. The appeal in this Court is critical to Mr. Sinisterra's capital § 2255 proceedings and may be his last realistic chance of merits review of his constitutional claims. However, because the district court denied the COA, Mr. Sinisterra does not yet have leave to brief the merits of his claims before this Court. He must persuade this Court to grant a COA; the application for a COA filed in

---

[1] This Court has repeatedly reversed cases on this basis. *See, e.g., Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001) ("A Section 2255 movant is entitled to an evidentiary hearing, however, unless the motion, files, and record conclusively show that he is not entitled to relief. Because the record before the District Court contained sharply conflicting evidence, the Court abused its discretion in finding a hearing unnecessary."); *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (district court abused its discretion by failing to hold evidentiary hearing on claim of ineffective assistance of counsel claim, and noting that "[t]he court *must* hold an evidentiary hearing unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.") (emphasis added); *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) ("Where petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record affirmatively refutes the factual assertions upon which the claim is based. . . . Although the district court was not required to credit [the movant's] assertion, it was *required to hold a hearing* before making factual determinations about [the movant's] credibility.") (Emphasis added); *Smith v. Unites States*, 182 F.3d 1023, 1026 (8th Cir. 1999) (where district court denied the § 2255 motion despite conflicting statements in the affidavits submitted by the parties, remand was necessary and hearing was warranted to resolve the facts that were in dispute).

Appellate Case: 08-1925     Page: 3     Date Filed: 05/06/2008 Entry ID: 3431220

the district court presumed Judge Fenner's familiarity with the case proceedings and did not detail every event bearing on whether a COA should be granted. Therefore, Mr. Sinisterra's application for a COA needs to be expanded before this Court. Because this is Mr. Sinisterra's last meaningful opportunity to have his § 2255 motion reviewed on the merits, his COA needs to be particularly well researched and pled.

6. The filing of a COA is complex and far from a merely ministerial act. *Cf. McFarland v. Scott*, 512 U.S. 849, 855-6 (1994) (noting the "unique and complex nature" of capital habeas litigation and that "the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."). In order to effectively present and plead his COA application to this Court, Mr. Sinisterra requires the appointment of experienced capital habeas counsel along with counsel with first-hand knowledge of the course of his § 2255 litigation to date. Mr. Sinisterra is entitled to one or more lawyers experienced in the litigation of capital cases to assist him with every stage of his § 2255 litigation. See 18 U.S.C. § 3599(a)(1)(B), (a)(2) & (d). *See also McFarland*, *supra*, at 855 ("Congress' provision of a right to counsel . . . reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of the seriousness of the possible penalty and . . . the unique and complex nature of the litigation.") (Internal citation and quotation marks omitted); GUIDELINES FOR THE ADMINISTRATION OF THE CRIMINAL JUSTICE ACT AND RELATED STATUTES, Chapter II, Part B., § 2.14 (noting that "18 U.S.C. § 3599(a)(1) **requires** the appointment of one or more attorneys in death penalty federal habeas corpus cases") (emphasis in original). Moreover, this Court has the discretion to appoint counsel before a COA issues in this case, and, upon information and belief, has done so before in death penalty cases. *See* INTERNAL

Appellate Case: 08-1925    Page: 4    Date Filed: 05/06/2008 Entry ID: 3431220

OPERATING PROCEDURES, UNITED STATES COURT OF APPEALS EIGHTH CIRCUIT, § II. D. 1 ("In . . . habeas corpus cases in which the district court or the circuit court has granted a certificate of appealability, trial counsel is reappointed automatically on appeal. *In all other cases*, counsel is appointed only by order of the court, and a party or a party's counsel must file a formal motion with the clerk seeking appointment on appeal.") (Emphasis added.).

7. Mr. Sinisterra proposes the appointment of his lead counsel, John Jenab, Esq., who represented him in his § 2255 litigation in the district court, and the Federal Public Defender for the District of Arizona, whose appointment would be at no cost to the Court and would conserve resources.[2] The appointment of the Federal Defender along with Mr. Jenab will save the Court resources for a number of reasons. First, the Defender has staff members dedicated to capital habeas litigation alone. Their experience with seeking and obtaining certificates of appealability and with capital jurisprudence generally will conserve time spent on researching and presenting this motion. Second, Mr. Sinisterra is a Colombian national who needs to communicate with his counsel in Spanish. If appointed, the Arizona Defender will assign experienced Spanish-speaking attorneys to assist lead counsel John Jenab in preparing Mr. Sinisterra's application for a COA, which will obviate the need for a court-appointed interpreter. Third, all the substantive work of the Defender, including researching and drafting Mr. Sinisterra's COA application and any further briefing alongside Mr. Jenab will be performed within the office's normal budget, so that its involvement in this case will be without additional cost to the Court. Its expertise and Spanish-speaking staff will

---

[2]Mr. Jenab's co-counsel in the trial court proceedings was William E. Shull. Mr. Shull is willing to have the Arizona FPD be appointed on this appeal rather than himself, however, so that Mr. Sinisterra can obtain the benefit of that office's experience and resources. Thus, Mr. Shull has not filed an appearance in this appeal.

Appellate Case: 08-1925    Page: 5    Date Filed: 05/06/2008 Entry ID: 3431220

facilitate efficient, effective litigation of Mr. Sinisterra's application for a COA. For all the foregoing reasons, appointment of experienced counsel to assist Mr. Sinisterra at this critical stage of his capital post-conviction proceedings is warranted.

WHEREFORE, Mr. Sinisterra respectfully moves this Honorable Court to appoint John Jenab of Olathe, Kansas and Jon M. Sands, Federal Public Defender, District of Arizona[3] as counsel of record to represent Mr. Sinisterra in these proceedings.

Respectfully submitted,

/s/John Jenab
John Jenab   MO # 47452
110 S. Cherry, Suite 200
Olathe, KS 66061
913-390-5023
Fax 913-764-5539

ATTORNEY FOR MOVANT
GERMAN C. SINISTERRA

### CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/John Jenab

---

[3] If appointed, Mr. Sands will assign two assistant federal defenders to the case, who will in turn seek admission to the Court and enter an appearance in this matter.

Appellate Case: 08-1925     Page: 6     Date Filed: 05/06/2008 Entry ID: 3431220