# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

GERMAN C. SINISTERRA,

      **Movant,**

                                    **No. 08-1925**

**v.**

UNITED STATED OF AMERICA,

      **Respondent.**

## MOTION TO RECONSIDER ORDER OF JUNE 9, 2008

COMES NOW movant, German C. Sinisterra, by counsel, and moves this Court, pursuant to Local Rule 27B(d), for reconsideration of the Judge's Order entered June 9, 2008 in this matter. That Order states that this Court "shall consider the application for a certificate of appealability [COA] that was submitted in the district court to be the application to this court." Mr. Sinisterra had previously requested and been granted to and including July 18, 2008 to file an expanded application before this Court. See Order filed May 19, 2008. The June 9, 2008 order appears to deprive Mr. Sinisterra of the opportunity to submit an expanded application for COA. Mr. Sinisterra requests reconsideration so as to allow him the previously-granted period of time within which to file an expanded application. In support of this request, Mr. Sinisterra states:

1. Mr. Sinisterra is a federally death-sentenced prisoner whose motion under 28 U.S.C. § 2255 was denied without an evidentiary hearing by the district court. The district court then denied Mr. Sinisterra's application for COA.

2. Rule 22(b)(1) of the Federal Rules of Appellate Procedure allows a capital defendant to request that a circuit judge issue a COA where the district court has denied the certificate.

1

Appellate Case: 08-1925   Page: 1   Date Filed: 06/16/2008 Entry ID: 3443566

3.  FRAP Rule 22(b)(2) states that a "request addressed to the Court of Appeals may be considered by a circuit judge or judges, as the court prescribes."

4.  FRAP Rule 22(b)(2) further states, "If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."

5.  Thus, the Federal Rules of Appellate Procedure clearly confer on a capital defendant the right to file an "express request" for COA with the court of appeals.

6.  It is with the above rules in mind that undersigned counsel requested that the Court grant him until August 16, 2008, to file Mr. Sinisterra's request for COA.  (Dkt. 5).

7.  On May 19, 2008, this Court granted in part Mr. Sinisterra's motion and ordered that the request for COA be filed on or before July 18, 2008.  (Dkt. 6).

8.  On June 9, 2008, the Court *sua sponte* ordered that it "shall consider the application for a certificate of appealability that was submitted in the district court to be the application to this Court."  (Dkt. 7).

9.  Mr. Sinisterra respectfully requests that the Court rescind that order and allow counsel to file the request for COA on or before July 18, 2008, as the Court previously ordered. FRAP 22(b) supports Mr. Sinisterra's position that his counsel should be permitted to file a request for COA in this Court.

10.  Mr. Sinisterra's § 2255 motion pled numerous non-frivolous claims, including several specific and factually-supported allegations of ineffective assistance of counsel at trial and on appeal. Many of Mr. Sinisterra's claims were supported by detailed affidavits from all three members of his trial team, including both of his trial attorneys and their investigator.  Mr. Sinisterra's claims were further supported by affidavits of experts, including a nationally known mitigation specialist and a

Appellate Case: 08-1925     Page: 2     Date Filed: 06/16/2008 Entry ID: 3443566

neuropsychologist. <u>See</u> Amended § 2255 Motion (Doc. 41), Govt. Response (Doc. 53), Movant's Traverse (Doc. 68) and Attachments thereto.

11. Despite the presence of these and other significant issues in this case, on April 18, 2008, the district court denied Mr. Sinisterra's § 2255 motion without a hearing (Doc. 69) and denied Mr. Sinisterra's application for a COA (Doc. 80).

12. Further briefing is required in order to provide this Court with an adequate basis for determining whether there are issues in the case which are "debatable," could be "resolved in a different manner," or "deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), such that a COA should be granted on one or more of those issues. As noted explicitly in the application for a COA filed in the district court, Mr. Sinisterra presumed the district court's familiarity with the underlying factual and legal bases enumerated in the extensive pleadings and exhibits filed in the district court proceedings, so the district court application only described Mr. Sinisterra's claims "in a summary fashion in this pleading for purposes of judicial economy." Movant's Application for Certificate of Appealability at 3 (Doc. 78)

13. This appeal is critical to Mr. Sinisterra's capital § 2255 proceedings. As a practical matter, this appeal may be his last chance to have his claims heard before he is executed. However, since the district court did not grant a COA, Mr. Sinisterra cannot yet brief his claims on the merits before this Court. Accordingly, this Court's decision on whether to grant a COA and, if so, on what issues, is of the utmost significance. For these reasons, Mr. Sinisterra's application before this Court should be particularly well-researched and pled.

14. For the foregoing reasons, undersigned counsel sought and received permission from this Court to have until July 18, 2008 to prepare and file an expanded application for a COA. That order

3

was granted on May 19, 2008. Undersigned counsel has relied in good faith on the May 19 order and reasonably believed that the undersigned had until July 18 to file an expanded COA application. As explained in the motion requesting this additional time, undersigned counsel believed that additional time was necessary in order to brief the COA application for the Circuit Court in a manner that could draw this Court's attention to relevant information that was merely incorporated by reference in the district court COA application.

15. For example, one of the issues on which Mr. Sinisterra seeks a COA is trial counsel's ineffective assistance in failing to adequately investigate and present mitigating evidence. This claim was supported by numerous affidavits, including one filed by Daniel Grothaus. Mr. Grothuas was the only investigator on Mr. Sinisterra's trial team, and as he attested to in his affidavit, he did not conduct a social history investigation of Mr. Sinisterra and was not aware of, and did not investigate, any of the mitigating information relating to Mr. Sinisterra that has been discovered as part of the habeas investigation, including evidence that Mr. Sinisterra was gang-raped as a seven-year-old child, that his father used to beat him with a leather whip until he bled, that he had suffered several head traumas early in life, and that his older brother used to regularly sexually molest him. *See* Grothaus Declaration attached to Doc. 68. Additionally, Jennifer Herndon, the trial lawyer responsible for preparing the mitigation case, also conceded in an affidavit that her mitigation investigation was inadequate and that she was not aware of, and did not investigate, any of the mitigation evidence regarding Mr. Sinisterra's childhood physical and sexual abuse. *See* Second Herndon Affidavit attached to Doc. 68. Frederick Duchardt, who was lead counsel at trial, however, stated in his affidavit that he was aware of the mitigation information presented in Mr. Sinisterra's § 2255 motion, but never explained in his affidavit how he allegedly learned of this information,

4

especially in light of his concession elsewhere in his affidavit that he delegated the mitigation investigation to Ms. Herndon and that he did not himself conduct any mitigation investigation into Mr. Sinisterra's childhood and upbringing. The movant also submitted an affidavit from Russell Stetler, a highly experienced and nationally recognized mitigation specialist, who reviewed the pertinent aspects of the trial record related to the mitigation investigation, including transcripts and exhibits, as well as the affidavits submitted by the trial team, and concluded that trial counsel failed to conduct a proper mitigation investigation and discover all reasonably available mitigation evidence. *See* Stetler Declaration attached to Doc. 68. The district court resolved the discrepancies between the respective parties' descriptions of the extent of the mitigation investigation and what was known to the trial team about Mr. Sinisterra's background at the time of trial by relying exclusively on Mr. Duchardt's affidavit, and denied this claim without a hearing, despite controlling Eighth Circuit precedent which states that when there are conflicting affidavits and evidence in the record on a movant's § 2255 claim, the district court cannot make credibility determinations based on the affidavits alone, and it is an abuse of discretion to deny the claim without holding an evidentiary hearing to resolve the factual disputes. *See Smith v. United States*, 182 F.3d 1023 (8th Cir. 1999); *Koskela v. United States*, 235 F.3d 1148 (8th Cir. 2001).

16. Mr. Sinisterra wishes to present this Court with a thorough, cogent application for a COA that will assist the Court in its determination of the issues. In order to do so, the undersigned will necessarily have to provide this Court with details, such as those recounted above, about the underlying facts and legal arguments in the proceedings below. As noted earlier, such facts and arguments were treated as "common knowledge" in the district court application, and therefore were not briefed in the detail necessary for this Court to be able to adequately assess whether a COA

5

should be granted on one or more of Mr. Sinisterra's claims.  It is respectfully submitted that the slight delay from now until the July 18 deadline to file such an expanded COA application is insignificant when compared to the magnitude of the stakes involved in these proceedings.

WHEREFORE, for all the foregoing reasons, movant German Sinisterra respectfully requests that this Court reaffirm its prior Order granting him until July 18, 2008, to file an expanded application for certificate of appealability.

Respectfully submitted,

/s/John Jenab
John Jenab, MO #47452
JENAB & MCCAULEY LLP
110 S. Cherry Street, Suite 200
Olathe, KS 66061
(913) 390-5023
(913) 764-5539 Fax

ATTORNEY FOR MOVANT
GERMAN C. SINISTERRA

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/John Jenab

6