GERMAN C. SINISTERRA,

        Movant,

                                     No. 08-1925

v.

UNITED STATED OF AMERICA,

        Respondent.

### MOTION TO RECONSIDER ORDER OF JUNE 9, 2008 REGARDING APPOINTMENT OF COUNSEL

COMES NOW movant, German C. Sinisterra, by counsel, and moves this Court, pursuant to Local Rule 27B(d), for reconsideration of the Judge's Order entered June 9, 2008 in this matter deferring consideration of the appointment of counsel. That Order states, in pertinent part, that: "A ruling on appellant's motion for appointment of counsel shall be deferred until after the court reviews and rules on the application for a certificate of appealability." Mr. Sinisterra had previously moved for the appointment of counsel, specifically, John Jenab, of Jenab & McCauley LLP, Olathe, KS, and Jon M. Sands, Federal Public Defender, District of Arizona. See Motion for Appointment of Counsel filed May 6, 2008.

The Court's failure to appoint counsel is in contravention of the express dictates of 18 U.S.C. § 3599(e), which unequivocally requires that Mr. Sinisterra be represented at all stages of his capital proceedings, and has thereby violated Mr. Sinisterra's right to the assistance of counsel at a critical juncture in his capital § 2255 litigation – the preparation and filing of an express request to this Court

1

Appellate Case: 08-1925    Page: 1    Date Filed: 06/20/2008 Entry ID: 3445394

for a certificate of appealability (COA).[1]

This Court's decision on whether to grant a COA in this capital case is literally a matter of life and death, and Mr. Sinisterra cannot, and should not, be forced to proceed through this stage of the litigation without the appointed counsel to which he is entitled by statute. Movant therefore respectfully requests reconsideration and requests that previously requested counsel be immediately appointed in this case so that the COA question can be fully and carefully briefed by qualified counsel on behalf of Mr. Sinisterra. In support of this request, Mr. Sinisterra states:

1. Mr. Sinisterra is an indigent, federally death-sentenced prisoner whose motion under 28 U.S.C. § 2255 was denied without an evidentiary hearing by the district court.

2. Despite Mr. Sinisterra's having pled significant, non-frivolous issues in his district court application for a COA, on April 18, 2008, the district court denied Mr. Sinisterra's § 2255 motion without a hearing (Doc. 69) and denied Mr. Sinisterra's application for a COA in a single-sentence order within approximately one hour of Mr. Sinisterra having filed it.[2] (Doc. 80).

3. Federal Rule of Appellate Procedure 22(b)(2) clearly confers on a capital defendant the right to file an "express request" for a COA with the court of appeals. See FRAP 22(b)(2); Motion

---

[1] Mr. Sinisterra has separately moved for reconsideration of the June 9, 2008 Judge's Order regarding this Court's decision to "consider the application for a certificate of appealability that was submitted in the district court to be the application to this court." See Motion for Reconsideration filed June 16, 2008. That motion is currently pending before this Court.

[2] It should be noted that the district court's denial of the COA application was in violation of Federal Rule of Appellate Procedure 22(b)(1), which requires that in denying a COA, "the district judge who rendered the judgment *must . . .* state why a certificate should not issue." (Emphasis added). See also 1967 Advisory Committee Notes to FRAP 22 Subdivision (b) ("In the interest of insuring that the matter of the certificate will not be overlooked and that, if the certificate is denied, the reasons for denial in the first instance will be available on any subsequent application, the proposed rule *requires* the district judge to issue the certificate or *to state the reasons for its denial*.") (Emphasis added).

2

to Reconsider Order of June 9, 2008 (filed June 16, 2008). In light of the fact that the district court COA application was drafted with the district judge's familiarity with the case in mind, Mr. Sinisterra intends to take advantage of his right to file an express request for a COA with this Court in order to more fully brief the factual and legal arguments relevant to the COA issues which were presented with brevity in the district court COA application.

4. The preparation of such a COA application is complex and far from a merely ministerial act. *Cf. McFarland v. Scott*, 512 U.S. 849, 855-6 (1994) (noting the "unique and complex nature" of capital habeas litigation and that "the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."). Thus, in order to effectively present an express request for a COA to this Court, Mr. Sinisterra requires the appointment of experienced capital habeas counsel along with counsel with first-hand knowledge of the course of his § 2255 litigation to date.

5. This appeal is critical to Mr. Sinisterra's capital § 2255 proceedings. As a practical matter, this appeal may be his last chance to have his claims heard before he is executed. However, since the district court did not grant a COA, Mr. Sinisterra cannot brief his claims on the merits before this Court. Accordingly, this Court's decision on whether to grant a COA and, if so, on what issues, is of the utmost significance. For these reasons, Mr. Sinisterra's application before this Court should be particularly well-researched and pled, and will require the assistance of qualified counsel to properly brief whether there are issues in the case which are "debatable," could be "resolved in a different manner," or "deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), such that a COA should be granted on one or more of those issues.

Appellate Case: 08-1925    Page: 3    Date Filed: 06/20/2008 Entry ID: 3445394

6. By statute, Mr. Sinisterra is entitled to one or more lawyers experienced in the litigation of capital cases to assist him with every stage of his § 2255 litigation. See 18 U.S.C. § 3599(a)(1)(B), (a)(2) & (d). See also *McFarland*, *supra*, at 855 ("Congress' provision of a right to counsel . . . reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of the seriousness of the possible penalty and . . . the unique and complex nature of the litigation.") (Internal citation and quotation marks omitted); GUIDELINES FOR THE ADMINISTRATION OF THE CRIMINAL JUSTICE ACT AND RELATED STATUTES, Chapter II, Part B., § 2.14 (noting that "18 U.S.C. § 3599(a)(1) **requires** the appointment of one or more attorneys in death penalty federal habeas corpus cases") (emphasis in original).

7. Prior to the filing of Mr. Sinisterra's § 2255 motion, the district court concluded that Mr. Sinisterra was entitled to two attorneys under § 2255 and 21 U.S.C. § 848(q)(B) (re-codified at 18 U.S.C. § 3599), and appointed Criminal Justice Act Panel Attorneys John Jenab and Robert Kuchar to represent Mr. Sinisterra in his capital § 2255 litigation. See Order Appointing Counsel dated April 8, 2004 (Doc. 2).

8. On August 24, 2005, the district court entered an order permitting Attorney Kuchar to withdraw as counsel due to a change in employment. See Order Granting Motion to Withdraw as Attorney (Doc. 29).

9. Shortly thereafter. Mr. Sinisterra filed a Motion requesting that Attorney William Shull be appointed as co-counsel pursuant to § 2255, § 848(q)(B) and *McFarland v. Scott*, 512 U.S. 849 (1994), which the district court granted on September 19, 2005 for "good cause shown." See Order Granting Motion to Appoint Counsel (Doc. 34).

10. Thus, at all times during the pendency of Mr. Sinisterra's § 2255 litigation in the district

Appellate Case: 08-1925   Page: 4   Date Filed: 06/20/2008 Entry ID: 3445394

court, he has been represented by two attorneys pursuant to the Criminal Justice Act and related statutes governing the appointment of counsel to indigent litigants in post-conviction proceedings.

11. Under 18 U.S.C. § 3599 (e), "[u]nless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every stage of available judicial proceedings, *including . . . appeals . . . and all available post-conviction process*, together with applications for stays of execution *and other appropriate motions and procedures*[.]" (Emphasis added). See also 18 U.S.C. § 3006A(c) ("A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court *through appeal, including ancillary matters appropriate to the proceedings.*") (Emphasis added.)

12. Thus, by statute, Mr. Sinisterra is automatically entitled to his appointed counsel on appeal.

13. This Court's failure to appoint counsel has left Mr. Sinisterra without counsel at a critical juncture in this capital § 2255 proceeding and has put an unacceptable burden on Mr. Sinisterra just like the one the Supreme Court found unacceptable in *McFarland*: "Requiring an indigent capital petitioner to proceed without counsel in order to obtain counsel thus would expose him to the substantial risks that his habeas claims would never be heard on the merits." 512 U.S. at 856. Thus, appointment of counsel is absolutely essential to guarantee that Mr. Sinisterra is given a fair opportunity to present his § 2255 claims to this Court, particularly where the district court denied his § 2255 motion as summarily as it did here. See also *Penson v. Ohio*, 488 U.S. 75, 84 (1988) ("As a general matter, it is through counsel that all other rights of the accused are protected: Of all the rights that an accused person has, the right to be represented by counsel is by far the most

5

pervasive, for it affects his ability to assert any other rights he may have.") (internal citation and quotation marks omitted).

14. Moreover, this Court's failure to appoint counsel for these proceedings creates substantial uncertainty and hardship that burdens if not completely denies Sinisterra's right to counsel because it is requires the undersigned to work without compensation. This has resulted in a significant hardship on the undersigned and threatens his ability to litigate on Mr. Sinisterra's behalf. Thus, appointment of the undersigned is not a mere formality, but rather is essential to insure that Mr. Sinisterra receives the benefit of qualified counsel to which he is entitled under § 3599.

15. In light of the explicit statutory provisions governing the appointment of counsel for indigent § 2255 litigants at every stage of the proceedings, it is respectfully requested that this Court reconsider its June 9, 2008 Order and recognize Attorney John Jenab's appointment on this case, *nunc pro tunc*, to the date of the filing of the Notice of Appeal.

16. Furthermore, it is respectfully requested that this Court appoint Jon M. Sands, Federal Public Defender, District of Arizona, as co-counsel. As noted in the prior Motion for Appointment of Counsel (filed May 6, 2008), Attorney Shull is not seeking appointment in this Court, but the appointment of the Federal Public Defender will ensure that Attorney Shull is replaced by "similarly qualified counsel" per the dictates of § 3599 (e), and that Mr. Sinisterra will be represented by two attorneys, consistent with his representation in the district court proceedings.

17. The appointment of the Federal Defender would be at no cost to the Court and would conserve resources. The appointment of the Federal Defender along with Mr. Jenab will save the Court resources for a number of reasons. First, the Defender has staff members dedicated to capital habeas litigation alone. Their experience with seeking and obtaining certificates of appealability and

6

Appellate Case: 08-1925    Page: 6    Date Filed: 06/20/2008 Entry ID: 3445394

with capital jurisprudence generally will conserve time spent on researching and presenting Mr. Sinisterra's express request for a COA to this Court. Second, Mr. Sinisterra is a Colombian national who needs to communicate with his counsel in Spanish. If appointed, the Arizona Defender will assign experienced Spanish-speaking attorneys to assist lead counsel John Jenab in preparing Mr. Sinisterra's application for a COA, which will obviate the need for a court-appointed interpreter. Third, all the substantive work of the Defender, including researching and drafting Mr. Sinisterra's COA application and any further briefing alongside Mr. Jenab will be performed within the office's normal budget, so that its involvement in this case will be without additional cost to the Court. Its expertise and Spanish-speaking staff will facilitate efficient, effective litigation of Mr. Sinisterra's application for a COA. For all the foregoing reasons, appointment of experienced counsel to assist Mr. Sinisterra at this critical stage of his capital post-conviction proceedings is warranted.

WHEREFORE, for all the foregoing reasons, the Movant respectfully requests that this Court reconsider its June 9, 2008 Order and appoint counsel as per the request in Mr. Sinisterra's Motion for Appointment of Counsel.

Respectfully submitted,

/s/John Jenab
John Jenab, #47452
JENAB & MCCAULEY LLP
110 S. Cherry Street, Suite 200
Olathe, KS 66061
(913) 390-5023
(913) 764-5539 Fax

ATTORNEY FOR MOVANT
GERMAN C. SINISTERRA

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of June, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/John Jenab

8

Appellate Case: 08-1925     Page: 8     Date Filed: 06/20/2008 Entry ID: 3445394