## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

**GERMAN C. SINISTERRA,**

      **Movant,**

                                      **No. 08-1925**

**v.**

**UNITED STATED OF AMERICA,**

      **Respondent.**

## PETITION FOR EN BANC RECONSIDERATION
## OF ORDER OF JUNE 9, 2008

COMES NOW movant, German C. Sinisterra, by counsel, and moves this Court, pursuant to Local Rule 27B(d) and Fed. R. App. P. 35,  for *en banc* reconsideration of the Judge's Order entered June 9, 2008 in this matter.  This proceeding involves two questions of exceptional importance, namely: (1) whether a federally death-sentenced inmate is entitled to be represented by counsel at all stages of his capital proceedings, pursuant to 18 U.S.C. § 3599(e), including the preparation and filing of an express request for a certificate of appealability (COA) in the court of appeals; and (2) whether a federally death-sentenced inmate is entitled to file an express request for a COA in the court of appeals, as guaranteed by Federal Rule of Appellate Procedure 22(b)(2), or whether an appeals panel may dispense with the right conferred by that rule by unilaterally electing to treat the application filed in the district court as the application in the appellate court.

The June 9, 2008 Judge's Order denies Mr. Sinisterra his right to counsel and his right to make a separate request to this Court for a certificate of appealability.  The Order states, in pertinent part, that: (1) this Court "shall consider the application for a certificate of appealability (COA) that was submitted in the district court to be the application to this court"; and (2) that a "ruling on

1

Appellate Case: 08-1925    Page: 1    Date Filed: 07/07/2008 Entry ID: 3449445

appellant's motion for appointment of counsel shall be deferred until after the court reviews and rules on the application for a certificate of appealability." Mr. Sinisterra previously requested and had been granted to and including July 18, 2008 to file an expanded application for a certificate appealability before this Court. <u>See</u> Order filed May 19, 2008. Additionally, Mr. Sinisterra had previously moved for the appointment of counsel, specifically, John Jenab, of Jenab & McCauley LLP, Olathe, KS, and Jon M. Sands, Federal Public Defender, District of Arizona. <u>See</u> Motion for Appointment of Counsel filed May 6, 2008. Mr. Sinisterra separately moved for reconsideration of each of those issues, but each of those reconsideration motions were denied. <u>See</u> Order filed June 24, 2008; Order filed June 30, 2008.

Mr. Sinisterra respectfully submits that *en banc* reconsideration of his requests for counsel and for time to file an expanded COA application is warranted here because the Court's June 9, 2008 Order is in violation of clear statutory mandates requiring appointment of counsel and the Federal Rules of Appellate Procedure. Specifically, the Court's failure to appoint counsel is in contravention of the express dictates of 18 U.S.C. § 3599(e), which unequivocally requires that Mr. Sinisterra be represented at all stages of his capital proceedings, and has thereby violated Mr. Sinisterra's right to the assistance of counsel at a critical juncture in his capital § 2255 litigation – the preparation and filing of an express request to this Court for a certificate of appealability (COA). Additionally, under Federal Rule of Appellate Procedure 22(b)(2), Mr. Sinisterra is entitled to file an "express request" for a COA with the court of appeals. Indeed, this Court had previously ordered that Mr. Sinisterra be permitted to file an express request for a COA by Jule 18, 2008. <u>See</u> Order filed May, 19, 2008.

This Court's decision on whether to grant a COA in this capital case is literally a matter of life and death, and Mr. Sinisterra cannot, and should not, be forced to proceed through this stage of

2

the litigation without the appointed counsel to which he is entitled by statute. Movant therefore respectfully requests *en banc* reconsideration and requests that previously requested counsel be immediately appointed in this case so that an express request for a COA can be fully and carefully briefed by qualified counsel on behalf of Mr. Sinisterra. In support of this Motion, Mr. Sinisterra states as follows:

### Procedural Background

1. Mr. Sinisterra is an indigent, federally death-sentenced prisoner whose motion under 28 U.S.C. § 2255 was denied without an evidentiary hearing by the district court.

2. Mr. Sinisterra's § 2255 motion pled non-frivolous claims that his capital trial was unconstitutional and affected by, inter alia, his trial counsel's ineffectiveness at both stages of his trial, including allegations that trial counsel: 1) failed to retain a qualified mitigation specialist; 2) failed to conduct any meaningful mitigation investigation, particularly in Colombia where Mr. Sinisterra had lived for most of his life and where his entire family still live; 3) failed to investigate or present significant available mitigating evidence, such as that Mr. Sinisterra grew up in abject poverty, was severely abused by adults in his family, was gang-raped as a teenager and later molested by an older brother, suffers from trauma-related organic brain impairments, and lacks the ability to perform basic life skills; 4) failed to object to clear prosecutorial misconduct in penalty phase closing arguments; 5) failed to communicate with Sinisterra through an interpreter, though his first language is Spanish and his English was very limited, which led to a complete breakdown in his communication with his attorneys; and 6) failed to prepare him for his trial testimony.

3. Despite Mr. Sinisterra's having pled significant, non-frivolous issues in his district court application for a COA, on April 18, 2008, the district court denied Mr. Sinisterra's § 2255 motion

3

without a hearing (Doc. 69) and denied Mr. Sinisterra's application for a COA in a single-sentence order within hours of Mr. Sinisterra having filed it.[1] (Doc. 80).

4. On May 6, 2008, Mr. Sinisterra moved for appointment of counsel for his proceedings before this Court. In that motion, Mr. Sinisterra sought the appointment of Jon Jenab, of Jenab & McCauley, Olathe KS, who had previously been appointed to represent Mr. Sinisterra in the district court proceedings, and Jon M. Sands, Federal Public Defender, District of Arizona. See Motion For Appointment Of Counsel filed May 6, 2008.

5. On May 16, 2008, Mr. Sinisterra moved for an extension of time to file an expanded application for a COA before this Court. Specifically, he requested a period of ninety (90) days, up to and including August 16, 2008, within which to file his expanded COA. See Motion For Extension Of Time To File Application For Certificate Of Appealability filed May 16, 2008.

6. As the May 16, 2008 motion further explained, an expanded application was necessary because the application filed in the district court presumed the district judge's familiarity with the record, pleadings and case proceedings, and was accordingly written with brevity given that familiarity and for purposes of judicial economy.

7. On May 19, 2008, this Court issued an Order granting, in part, Mr. Sinisterra's request

---

[1] It should be noted that the district court's denial of the COA application was in violation of Federal Rule of Appellate Procedure 22(b)(1), which requires that in denying a COA, "the district judge who rendered the judgment *must . . .* state why a certificate should not issue." (Emphasis added). See also 1967 Advisory Committee Notes to FRAP 22 Subdivision (b) ("In the interest of insuring that the matter of the certificate [of probable cause] will not be overlooked and that, if the certificate is denied, the reasons for denial in the first instance will be available on any subsequent application, the proposed rule *requires* the district judge to issue the certificate or *to state the reasons for its denial*.") (Emphasis added). The requirement that an appeal not move forward unless a certificate of probable cause has been issued has since been replaced under the AEDPA with the requirement that a certificate of appealability issue before the unsuccessful habeas petitioner may appeal. See 28 U.S.C. § 2253(c).

Appellate Case: 08-1925     Page: 4     Date Filed: 07/07/2008 Entry ID: 3449445

for an extension of time to file his expanded COA application and ordered that the COA application be filed by July 18,2008. <u>See</u> Order filed May 15, 2008.

8. On June 9, 2008, without any further action by the parties, this Court reversed its May 19th order and stated that the Court would consider the COA application filed in the district court to be the application to this Court. <u>See</u> Order file June 9, 2008.

9. The June 9th Order further stated that this Court would not appoint counsel until after it had reviewed and ruled on the COA application file din the district court.

10. On June 16, 2008, Mr. Sinisterra moved for reconsideration of this Court's decision to consider the district court COA application as the application to this Court, thereby rescinding its prior May 19th order granting Mr. Sinisterra until July 18th to file an expanded COA application. The Court denied that motion on June 24, 2008.

11. On June 20, 2008, Mr. Sinisterra moved for reconsideration of this Court's refusal to appoint counsel to prepare a COA application on behalf of Mr. Sinisterra. The Court denied that motion on June 30, 2008.

### *En Banc* Reconsideration Of The June 9, 2008 Order Is Warranted

12. Rule 22(b)(1) of the Federal Rules of Appellate Procedure allows a capital petitioner to request that a circuit judge issue a COA where the district court has denied the certificate.

13. FRAP Rule 22(b)(2) states that a "request addressed to the Court of Appeals may be considered by a circuit judge or judges, as the court prescribes."

14. FRAP Rule 22(b)(2) further states: "If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."

15. Thus, the Federal Rules of Appellate Procedure clearly confer on a capital defendant the

right to file an "express request" for a COA with the court of appeals. FRAP Rule 22(b)(2) contemplates that it is only in the absence of such an express request that the court of appeals would look to the district court record to independently determine whether a COA should issue.

16. It is with the above rules in mind that Mr. Sinisterra requested until August 16, 2008 to file an express request for a COA with this Court in order to more fully brief the factual and legal arguments relevant to the COA issues which were presented with brevity in the district court COA application.

17. On information and belief, this Court routinely grants such requests and permits capital petitioners the opportunity to file an express request for a COA with this Court.

18. Indeed, this Court initially granted Mr. Sinisterra's request and permitted him until July 18, 2008 to file an expanded COA application with this Court. See Order filed May 19, 2008.

19. In light of FRAP Rule 22(b)'s provisions entitling Mr. Sinisterra to file an express request for a COA with this Court, and this Court's prior May 19th order permitting Mr. Sinisterra to file an expanded COA application, it is respectfully submitted that *en banc* reconsideration of the June 9, 2008 order is merited, and that the May 19th order should be reinstated.

20. The preparation of a COA application is complex and far from a merely ministerial act. *Cf. McFarland v. Scott*, 512 U.S. 849, 855-6 (1994) (noting the "unique and complex nature" of capital habeas litigation and that "the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."). Thus, in order to effectively present an express request for a COA to this Court, Mr. Sinisterra requires the appointment of experienced capital habeas counsel along with counsel with first-hand knowledge of the course of his § 2255 litigation

6

to date.

21. This appeal is critical to Mr. Sinisterra's capital § 2255 proceedings. As a practical matter, this appeal may be his last chance to have his claims heard before he is executed. However, since the district court did not grant a COA, Mr. Sinisterra cannot brief his claims on the merits before this Court. Accordingly, this Court's decision on whether to grant a COA and, if so, on what issues, is of the utmost significance.

22. For these reasons, Mr. Sinisterra's application before this Court should be particularly well-researched and pled, and will require the assistance of qualified counsel to properly brief whether there are issues in the case which are "debatable," could be "resolved in a different manner," or "deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), such that a COA should be granted on one or more of those issues.

23. By statute, Mr. Sinisterra is entitled to one or more lawyers experienced in the litigation of capital cases to assist him with every stage of his § 2255 litigation. See 18 U.S.C. § 3599(a)(1)(B), (a)(2) & (d). See also *McFarland*, *supra*, at 855 ("Congress' provision of a right to counsel . . . reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of the seriousness of the possible penalty and . . . the unique and complex nature of the litigation.") (Internal citation and quotation marks omitted); GUIDELINES FOR THE ADMINISTRATION OF THE CRIMINAL JUSTICE ACT AND RELATED STATUTES, Chapter II, Part B., § 2.14 (noting that "18 U.S.C. § 3599(a)(1) **requires** the appointment of one or more attorneys in death penalty federal habeas corpus cases") (emphasis in original).

24. Prior to the filing of Mr. Sinisterra's § 2255 motion, the district court concluded that Mr. Sinisterra was entitled to two attorneys under § 2255 and 21 U.S.C. § 848(q)(B) (re-codified at 18

Appellate Case: 08-1925     Page: 7     Date Filed: 07/07/2008 Entry ID: 3449445

U.S.C. § 3599), and appointed Criminal Justice Act Panel Attorneys John Jenab and Robert Kuchar to represent Mr. Sinisterra in his capital § 2255 litigation. See Order Appointing Counsel dated April 8, 2004 (Doc. 2).

25. On August 24, 2005, the district court entered an order permitting Attorney Kuchar to withdraw as counsel due to a change in employment. See Order Granting Motion to Withdraw as Attorney (Doc. 29).

26. Shortly thereafter. Mr. Sinisterra filed a Motion requesting that Attorney William Shull be appointed as co-counsel pursuant to § 2255, § 848(q)(B) and *McFarland v. Scott*, 512 U.S. 849 (1994), which the district court granted on September 19, 2005 for "good cause shown." See Order Granting Motion to Appoint Counsel (Doc. 34).

27. Thus, at all times during the pendency of Mr. Sinisterra's § 2255 litigation in the district court, he has been represented by two attorneys pursuant to the Criminal Justice Act and related statutes governing the appointment of counsel to indigent litigants in post-conviction proceedings.

28. Under 18 U.S.C. § 3599 (e), "[u]nless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every stage of available judicial proceedings, *including . . . appeals . . . and all available post-conviction process*, together with applications for stays of execution *and other appropriate motions and procedures*[.]" (Emphasis added). See also 18 U.S.C. § 3006A(c) ("A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court *through appeal, including ancillary matters appropriate to the proceedings.*") (Emphasis added.)

29. Thus, by statute, Mr. Sinisterra is automatically entitled to his appointed counsel on

Appellate Case: 08-1925     Page: 8     Date Filed: 07/07/2008 Entry ID: 3449445

appeal.

30.   This Court's failure  to appoint counsel has left Mr. Sinisterra without counsel at a critical juncture in this capital § 2255 proceeding and has put an unacceptable burden on Mr. Sinisterra just like the one the Supreme Court found unacceptable in *McFarland*: "Requiring an indigent capital petitioner to proceed without counsel in order to obtain counsel thus would expose him to the substantial risks that his habeas claims would never be heard on the merits."  512 U.S. at 856.  Thus, appointment of counsel is absolutely essential to guarantee that Mr. Sinisterra is given a fair opportunity to present his § 2255 claims to this Court, particularly where the district court denied his § 2255 motion as summarily as it did here.  See also *Penson v. Ohio*, 488 U.S. 75, 84 (1988) ("As a general matter, it is through counsel that all other rights of the accused are protected: Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have.") (internal citation and quotation marks omitted).

31.   Moreover, this Court's failure to appoint counsel for these proceedings creates substantial uncertainty and hardship that burdens if not completely denies Sinisterra's right to counsel because it is requires the undersigned to work without compensation.  This has resulted in a significant hardship on the undersigned and threatens his ability to litigate on Mr. Sinisterra's behalf. Thus, appointment of the undersigned is not a mere formality, but rather is essential to insure that Mr. Sinisterra receives the benefit of qualified counsel to which he is entitled under § 3599.

32.  In light of the explicit statutory provisions governing the appointment of counsel for indigent § 2255 litigants at every stage of the proceedings, it is respectfully submitted that Mr. Sinisterra's request for counsel merits *en banc* consideration in order to rectify the June 9th Order,

9

which is in contravention of the express dictates of § 3599(e).

33. Mr. Sinisterra respectfully requests that this Court recognize Attorney John Jenab's appointment on this case, *nunc pro tunc*, to the date of the filing of the Notice of Appeal.

34. Furthermore, it is respectfully requested that this Court appoint Jon M. Sands, Federal Public Defender, District of Arizona, as co-counsel. As noted in the prior Motion for Appointment of Counsel (filed May 6, 2008), Attorney Shull is not seeking appointment in this Court, but the appointment of the Federal Public Defender will ensure that Attorney Shull is replaced by "similarly qualified counsel" per the dictates of § 3599 (e), and that Mr. Sinisterra will be represented by two attorneys, consistent with his representation in the district court proceedings.

3. The appointment of the Federal Defender would be at no cost to the Court and would conserve resources. The appointment of the Federal Defender along with Mr. Jenab will save the Court resources for a number of reasons. First, the Defender has staff members dedicated to capital habeas litigation alone. Their experience with seeking and obtaining certificates of appealability and with capital jurisprudence generally will conserve time spent on researching and presenting Mr. Sinisterra's express request for a COA to this Court. Second, Mr. Sinisterra is a Colombian national who needs to communicate with his counsel in Spanish. If appointed, the Arizona Defender will assign experienced Spanish-speaking attorneys to assist lead counsel John Jenab in preparing Mr. Sinisterra's application for a COA, which will obviate the need for a court-appointed interpreter. Third, all the substantive work of the Defender, including researching and drafting Mr. Sinisterra's COA application and any further briefing alongside Mr. Jenab will be performed within the office's normal budget, so that its involvement in this case will be without additional cost to the Court. Its expertise and Spanish-speaking staff will facilitate efficient, effective litigation of Mr. Sinisterra's

10

application for a COA.  For all the foregoing reasons, appointment of experienced counsel to assist

Mr. Sinisterra at this critical stage of his capital post-conviction proceedings is warranted.

WHEREFORE, for all the foregoing reasons, the Movant respectfully requests *en banc* reconsideration of this Court's June 9, 2008 Order.

Respectfully submitted,

/s/John Jenab
John Jenab, #47452
JENAB & MCCAULEY LLP
110 S. Cherry Street, Suite 200
Olathe, KS 66061
(913) 390-5023
(913) 764-5539 Fax

ATTORNEY FOR MOVANT
GERMAN C. SINISTERRA

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/John Jenab

Appellate Case: 08-1925    Page: 11    Date Filed: 07/07/2008 Entry ID: 3449445