IN THE UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

GERMAN C. SINISTERRA,                         No. 08-1925

       Appellant,

                                     MOTION FOR LEAVE TO
v.                                            FILE OPENING BRIEF
                                     IN EXCESS OF
UNITED STATED OF AMERICA,                     WORD LIMIT
       Appellee.

JON M. SANDS
Federal Public Defender
TIMOTHY M. GABRIELSEN, NV Bar No. 8076
LETICIA MARQUEZ, AZ Bar No. 017357
Assistant Federal Public Defenders
407 W. Congress, Suite 501
Tucson, Arizona 85701
(520) 879-7622
(520) 622-6844 Fax

JOHN JENAB, MO Bar No. 47452
Jenab & McCauley LLP
110 S. Cherry Street, Suite 200
Olathe, KS 66061
(913) 390-5023
(913) 764-5539 Fax

Attorneys for Appellant
German C. Sinisterra

## MOTION FOR LEAVE TO FILE OPENING BRIEF
## IN EXCESS OF WORD COUNT LIMIT

Appellant German Sinisterra, through appointed counsel, moves pursuant to Eighth Circuit Rule 28(A)(h) for leave to file Appellant's Opening Brief in this capital § 2255 appeal in excess of the 14,000 words permitted by FRAP 32(a)(7)(B). Counsel request leave to file an Opening Brief not to exceed 24,000 words. The Opening Brief is due to be filed by April 10, 2009. In support of this Motion, Appellant states the following:

### Procedural Posture of Appeal

1. German Sinisterra, Arboleda Ortiz, and Plutarco Tello were convicted by a jury after a three week joint trial of murder and drug-related offenses in the United States District Court for the Western District of Missouri.

2. The jury then separately considered the sentences to be imposed, and sentenced Sinisterra and Ortiz to death and Tello to life in prison.

3. The pretrial, trial, and sentencing hearings in this matter generated well over 3300 pages of transcripts and a trial record of more than 1300 documents, many of which are relevant to the sentencing issues for which the COA was granted in this appeal.

4. In anticipation of the filing of the opening brief on direct appeal, Sinisterra's counsel moved for leave to exceed the FRAP 14,000 word limit. Ultimately, counsel requested, and the Court permitted, the filing of an opening brief not to exceed 28,000 words. The filed Opening Brief fell just short of that word total, 27,980 words.

-1-

Appellate Case: 08-1925    Page: 2    Date Filed: 04/03/2009 Entry ID: 3533684

5. The convictions of all three defendants, and the death sentences of Sinisterra and Ortiz, were affirmed by this Court on direct appeal. *United States v. Ortiz*, 315 F.3d 873 (8th Cir. 2003).

6. Sinisterra moved on December 7, 2004, to Vacate, Set Aside, or Correct Convictions and Sentences Pursuant to 28 U.S.C. § 2255. Dist. Ct. Doc. No. 11. After extensive motion practice, the § 2255 motion, with supporting exhibits, was amended on February 28, 2006. Dist. Ct. Doc. No. 41. After numerous additional motions considered, and the § 2255 motion fully briefed, the district court denied the motion for post-conviction relief on December 14, 2007. Dist. Ct. Doc. No. 69.

7. On July 24, 2008, the Court issued a COA with respect to the following four claims:

> 1. Whether trial counsel rendered ineffective assistance of counsel by failing to retain and utilize a qualified mitigation expert;
>
> 2. Whether trial counsel rendered ineffective assistance of counsel by failing to conduct a thorough mitigation investigation and present available mitigation evidence to the jury;
>
> 3. Whether trial counsel rendered ineffective assistance of counsel by failing to investigate and present mental health evidence; and,
>
> 4. Whether trial and appellate counsel were ineffective by failing to object to prosecutorial misconduct during closing argument.

Eighth Cir. Doc. No. 14. In the same order, the Court appointed Mr. Jenab and the Federal Public Defender for the District of Arizona as counsel on appeal. *Id*.

**Extraordinary circumstances support the request to file an overlength brief.**

8. This is a capital appeal which, as the Court is aware, is governed in part by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996

Appellate Case: 08-1925     Page: 3     Date Filed: 04/03/2009 Entry ID: 3533684

(AEDPA), 28 U.S.C. § 2241 *et seq*. The brief necessarily refers to that statute, especially § 2255, and case law interpreting it. The brief also collects Sixth Amendment case law of the Supreme Court, this Court, and some sister circuits in order to provide guidance to the Court with respect to the certified claims the Court will adjudicate in this appeal.

9. In addition, the issues for which the Court granted the COA require a detailed recitation of trial and guilt phase facts, and new facts attached to the § 2255 motion so the Court may assess trial counsel's performance and resultant prejudice to Appellant under the test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The new facts include mental health evidence as well as facts proffered by prior counsel, investigators, a mitigation specialist, Appellant, and Appellant's family members in Colombia.

10. Counsel have already acted with diligence in substantially editing a draft of the brief in order to attempt to comply with the FRAP word count requirement. Counsel have already cut the brief by more than 5,000 words.

11. The United States Court of Appeals for the Ninth Circuit, where undersigned counsel from the FPD typically practices, has a local rule that allows a capital brief not to exceed 21,000 words . *See* Ninth Circuit Rule 32-4(1). The court will allow a brief to exceed that amount upon a showing of diligence and substantial need. Ninth Circuit Rule 32-2. The Ninth Circuit recently allowed Ms. Marquez and the State of Arizona to file briefs not to exceed 28,000 words in a capital habeas corpus appeal raising claims of ineffective assistance of capital sentencing counsel. *Jones v. Schriro*, Ninth Cir. No. 07-99000, Doc. No. 37.

Appellate Case: 08-1925     Page: 4     Date Filed: 04/03/2009 Entry ID: 3533684

12.     Undersigned counsel is cognizant of the admonishment in Eighth Circuit Rule 28(A)(h) that "overlength briefs will only be granted in extraordinary cases."

13.     Undersigned counsel submits that the length of the present district court record, the complexity of the law to be applied on appeal, and the fact that this is a capital case constitute extraordinary circumstances that militate in favor of relaxing the FRAP rule on word count and allowing Appellant to file a brief not to exceed 24,000 words.

Respectfully submitted this 3rd day of April, 2009.

Timothy M. Gabrielsen
Assistant Federal Public Defender


By s/Timothy M. Gabrielsen
TIMOTHY M. GABRIELSEN
Counsel for Petitioner-Appellant


**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of April, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/Tamelyn McNeill
Secretary, Capital Habeas Unit
Federal Public Defender's Office
District of Arizona