# IN THE UNITED STATES COURT OF APPEALS

# FOR THE EIGHTH CIRCUIT

GERMAN C. SINISTERRA,

        Appellant,

v.

UNITED STATED OF AMERICA,

        Appellee.

**No. 08-1925**

**MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

Death Penalty Case

JON M. SANDS
Federal Public Defender
TIMOTHY M. GABRIELSEN, NV Bar No. 8076
LETICIA MARQUEZ, AZ Bar No. 017357
Assistant Federal Public Defenders
407 W. Congress, Suite 501
Tucson, Arizona 85701
(520) 879-7622
(520) 622-6844 Fax

JOHN JENAB, MO Bar No. 47452
Jenab & McCauley, LLP
110 S. Cherry Street, Suite 200
Olathe, KS 66061
(913) 390-5023
(913) 764-5539 Fax

ATTORNEYS FOR APPELLANT
GERMAN C. SINISTERRA

# MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Appellant German Sinisterra, through counsel, moves pursuant to Rule 27, Federal Rules of Appellate Procedure, to supplement the record on appeal with the capital sentencing hearing transcript of charged co-defendant Edwin Hinestroza in *United States v. Edwin Hinestroza*, United States District Court (W.D.Mo.) No. 98-00311-01-CR-W-GAF.  Pursuant to instructions from the Clerk's Office, the paper transcript is being sent on this date, by FedEx, to the Court and opposing counsel. The reasons for this request are stated in detail in the attached Memorandum in Support.

Counsel for the Appellees, Assistant United States Attorney Lajuana Counts, has expressed to undersigned counsel that she opposes this motion.

Sinisterra respectfully requests that the Court grant this motion or, in the alternative, take the motion with the case.

Respectfully submitted this 19th day of November, 2009.

Jon M. Sands
Federal Public Defender
Timothy M. Gabrielsen
Leticia Marquez
Assistant Federal Public Defenders
John Jenab, Esq.


By s/Timothy M. Gabrielsen
Counsel for Petitioner-Appellant

-1-

**MEMORANDUM IN SUPPORT**

**I.      Introduction.**

A federal jury in Kansas City, Missouri, found German Sinisterra, Arboleda Ortiz and Plutarco Tello guilty of conspiracy to distribute cocaine, aiding and abetting the use of a firearm in relation to a drug trafficking crime and committing a murder in the perpetration of a drug trafficking crime, and knowingly traveling in interstate commerce with the intent that a murder for hire be committed. *United States v. Ortiz*, 315 F.3d 873, 878 (8th Cir. 2003).  The same jury sentenced Sinisterra and Ortiz to death, and Tello to life in prison, on the murder counts.  *Id*.  This Court affirmed Sinisterra's convictions and death sentence on direct appeal.  *Ortiz*, 315 F.3d 873.

Edwin Hinestroza, a charged co-defendant, remained a fugitive at the time of the trial of his three co-defendants.  *Ortiz*, 315 F.3d at 879.  He was later convicted of the same charges, under the same case number, and he was sentenced to 400 months in prison on the cocaine distribution count and to consecutive life sentences on the two murder counts. *United States v. Hinestroza*, United States District Court (W.D.Mo.) No. 98-00311-01-CR-W-GAF, Judgment in a Criminal Case, April 17, 2006, Dkt. No. 1276 at 2.

The  trials of Sinisterra, Ortiz and Tello, and the later trial of Hinestroza, were presided over by the same judge, who therefore would have been familiar with the evidence and Government's theory in each trial.  The same judge also denied Sinisterra relief in his Motion to Vacate, Set Aside or Correct Convictions and Sentences Pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal

-2-

Appellate Case: 08-1925     Page: 3     Date Filed: 11/19/2009 Entry ID: 3607182

Procedure.  Appendix 122.[1]

## II.    Relevance of Hinestroza's sentencing hearing transcript to Sinisterra's § 2255 appeal.

Sinisterra seeks to supplement the record on appeal with the attached capital sentencing hearing transcript in *Hinestroza*.  Hinestroza's capital sentencing hearing occurred on November 14, 15, and 16, 2005.  Supplemental Record ("Supp. R.") 1-248.  Hinestroza failed to file a direct appeal from his convictions for murder and drug offenses, and imposition of a sentence of life in prison.  The sentencing hearing transcript was not prepared and certified until undersigned counsel requested that the court reporter, Ms. Elizabeth Shinn, produce and certify the attached transcript.  Thus, there was no transcript for the district court to transmit to this Court.

Sinisterra contends that the transcript is relevant to several issues contained in the appellate briefs of Sinisterra and the Government.  The transcripts provide context for the assertion contained in Sinisterra's § 2255 motion that:

> Post-conviction counsel is aware that all 12 jurors in the trial of co-defendant Hinestroza found as a non-statutory mitigator that the defendant's lack of guidance and support as an adolescent made him an easy target of the violent drug culture.  So compelling is this type of evidence that Hinestroza's jury found this mitigator sua sponte after being presented with mitigation evidence strikingly similar to what could have been offered on behalf of Sinisterra.

Appx. 164.  The verdict form in *Hinestroza* is already before the Court, as it was included in Sinisterra's Appendix (at 85).  The Government misidentified the verdict form in the district court in its opposition to Sinisterra's § 2255 motion, as having

---

[1] References to the Appendix filed with Sinisterra's Brief are to "Appx." plus the page number

Appellate Case: 08-1925    Page: 4    Date Filed: 11/19/2009 Entry ID: 3607182

been returned by Sinisterra's jury at the capital sentencing hearing. Appx. 277. The Government argued that the verdict form was proof that Sinisterra's counsel performed adequately in presenting evidence of Sinisterra's background at the capital sentencing hearing. *Id*. The Government concedes the error in its Brief and acknowledges that the district court erroneously relied on its incorrect assertion. Appellees' Brief ("App. Br.") at 35 n.6.

The evidence produced at Hinestroza's death penalty hearing would furnish the Court with the evidence Sinisterra's § 2255 counsel pleaded was "strikingly similar to what could have been offered on behalf of Sinisterra." Appx. 164.

In addition, the Government argues in its Brief that Sinisterra was not prejudiced by his counsel's failure to investigate and present evidence that he was homosexually sexually assaulted as a six-year-old in Buenaventura, Colombia; ran away from home for six years and fended off sexual predators in Cali; returned home to Buenaventura at the age of 12, only to be sexually assaulted by a male family member; and he was beaten by his mother when he was a child. The Government argues that "the aggravating factors were so overwhelming that the jury would have imposed the death penalty anyway." App. Br. at 63.

Sinisterra seeks to have the Court admit the sentencing hearing transcript in *Hinestroza* because it demonstrates that the presentation of mitigating evidence not only could have had an effect in persuading a jury not to impose the death penalty, but *it had that effect* in the sentencing hearing of co-defendant Hinestroza. Rather than request in his Brief only that the Court make a cross-case comparison of the

-4-

effect of similar mitigating evidence, Sinisterra seeks to provide the Court with the sentencing hearing transcript in *Hinestroza* so the Court can compare how a thorough investigation of mitigating evidence and its presentation at capital sentencing, by reasonably competent counsel, actually resulted in the return of a life verdict in the same case.

While *Hinestroza* was tried separately from his co-defendants due to his fugitive status, the Government's theory was the same in each case. As this Court recounted in the direct appeal opinion, the Government's theory at trial was that Hinestroza ordered the murders of Julian Colon and Heberth Andres Borja Molina to prove to La Oficina, a Colombian drug cartel, the seriousness with which he considered the burglary of his Kansas City, Missouri, apartment that resulted in the loss of $240,000 of La Oficina's money. 315 F.3d at 879. The Government expressed the same theory to the jury in opening and closing argument in *Hinestroza*. *See* Supp. R. 5, 209-10.

The district court acknowledged these were identical cases when it ruled admissible at Hinestroza's sentencing hearing the death verdicts returned by the jury at the capital sentencing hearings of Sinisterra and Ortiz, and the life sentence returned as to Tello. The district court stated:

> The defendant (Hinestroza) was charged as a co-defendant and he absconded. Otherwise he would have gone to trial with the other defendants. And obviously in that circumstance the same jury would have been deciding guilt and punishment.
>
> I do believe that it is relevant and significant consideration for sentencing to take into consideration sentences received by other co-conspirators or co-defendants, other persons involved in the same

-5-

criminal activity or enterprise.

Supp. R. 62. The district court further stated, "And I believe that it's information that would be important to the jury to know how co-defendants involved *in the same criminal conduct* were treated, what their sentences were." Supp. R. 66-67 (emphasis added).[2]

In its Brief, the Government also opposes Sinisterra's argument that trial counsel rendered ineffective assistance for failure to retain a bilingual mitigation specialist who could have gathered information on Sinisterra's family background and social history, and presented that at the capital sentencing hearing. App. Br. at 54-57. Hinestroza's counsel did retain a mitigation specialist who prepared the social history upon which Hinestroza's jury relied in finding that mitigation outweighed aggravation and which formed the basis for the jury's *sua sponte* finding of the mitigating factor that "Defendant Hinestroza lacked adult guidance in his adolescent years causing him to become a target for the drug culture." Appx. 85.

Norma Solis, a mitigation specialist with a Master's Degree from Our Lady of the Lake University in San Antonio, Texas, testified to a social history of Hinestroza, including that Hinestroza was from Buenaventura, Colombia, and was sent to Mexico by his abusive mother to live with relatives who eventually abandoned him. Supp. R. 154, 161, 166. He survived at the age of 14 by delivering drugs for acquaintances four to seven years his senior. Supp. R. 167-68. He was reunited with his mother

---

[2] Ultimately, the sentencing hearing verdicts of the other three co-defendants were not admitted. The record does not indicate the reason for their omission.

Appellate Case: 08-1925     Page: 7     Date Filed: 11/19/2009 Entry ID: 3607182

in Houston, where she obtained employment for him packaging drugs beginning when he was 17 years old.  Supp. R. at 174-75.

## III.    Conclusion.

For the foregoing reasons, Mr. Sinisterra respectfully requests that the Court grant this Motion to Supplement the Record on Appeal with the certified transcript of the capital sentencing hearing in *United States v. Edwin Hinestroza*,  U.S. Dist. Ct. (W.D.Mo.) No. 98-00311-01-CR-W-GAF.  In the alternative, Sinisterra requests that the Court take this motion with the case.

Respectfully submitted this 19th day of November, 2009.

> Jon M. Sands
> Federal Public Defender
> Timothy M. Gabrielsen
> Leticia Marquez
> Assistant Federal Public Defenders
> John Jenab, Esq.
>
>
> By s/Timothy M. Gabrielsen
>
> Counsel for Petitioner-Appellant

Appellate Case: 08-1925     Page: 8     Date Filed: 11/19/2009 Entry ID: 3607182

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of November, 2009, I electronically filed the foregoing Motion to Supplement the Record on Appeal with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I further certify that I have sent by FedEx, to the Court and opposing counsel, the transcript in *United States v. Edwin Hinestroza*, U.S. Dist. Ct. (W.D.Mo.) No. 98-00311-01, that is the subject of the motion.

 s/Tamelyn McNeill

Secretary, Capital Habeas Unit
Federal Public Defender's Office
District of Arizona