**FEDERAL PUBLIC DEFENDER**
**District of Arizona**
**Capital Habeas Unit**
**407 West Congress Street, Suite 501**
**Tucson, Arizona 85701-1310**

**JON M. SANDS**
**Federal Public Defender**                        –––––––––––––––––––

                                                                    **(520) 879-7622**
**TIMOTHY M. GABRIELSEN**                                          **FAX  (520) 622-6844**
**Assistant Federal Public Defender**                         **tim_gabrielsen@fd.org**

December 9, 2009


United States Court of Appeals for the Eighth Circuit
ATTN: Clerk of the Court, Capital Case
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

      Re:    *German C. Sinisterra v. United States*, Eighth Circuit No. 08-1925
              Oral Argument set for December 15, 2009

Dear Clerk of the Court:

Pursuant to FRAP 28(j), Appellant German Sinisterra cites as supplemental authority the Supreme Court's decision in *Porter v. McCollum*, No. 08-10537, 2009 WL 4110975 (U.S.S.Ct. November 30, 2009).

*Porter* is relevant to the Court's consideration of Argument I of Sinisterra's Brief, which alleges that trial counsel rendered ineffective assistance at the capital sentencing hearing for failure to investigate and present available mitigating evidence. *See* Sinisterra's Brief at 24-28 (Summary of Argument I), 33-41 (Argument I(C)(1) - (3)).  Sinisterra argues that his counsel's performance was deficient, and he was prejudiced, by the failure to investigate and present evidence he was homosexually gang raped as a six year old, beaten and neglected by his mother, and exposed to his father's beatings of his mother.  Sinisterra further argues that counsel failed to present evidence he suffered from low intellectual functioning, which was presented at a pretrial *Miranda* hearing but never to the jury that sentenced him to death, and from neuropsychological deficits that were diagnosed by Dr. Antolin Llorente, Ph.D., whose report was attached in support of the § 2255 motion.

In *Porter*, the Supreme Court held trial counsel to have rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), due to the failure to

1

investigate and present mitigating evidence that included not only military service, but also physical abuse of the petitioner as a child by his father, his having witnessed beatings of his mother by his father, his being a "slow learner" and leaving school at the age of 12 or 13, and organic brain damage diagnosed by "an expert in neuropsychology." *Porter*, 2009 WL 4110975 at *2-3.

The Court ruled with regard to *Strickland* prejudice that "[h]ad the judge and jury been able to place Porter's life history 'on the mitigation side of the scale,' and reduced the ballast on the aggravating side of the scale, there is clearly a reasonable probability that the advisory jury - and sentencing judge - 'would have struck a different balance.'" *Id*. at *6 (citing *Wiggins v. Smith*, 539 U.S. 510, 537 (2003)).

Sincerely,

/s/ Timothy M. Gabrielsen

Timothy M. Gabrielsen

Counsel for Petitioner-Appellant
German C. Sinisterra

2