No. 08-1925

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

GERMAN C. SINISTERRA,

Petitioner - Appellant,

v.

UNITED STATES,

Respondents - Appellees.

On Appeal from the United States District Court
Western District of Missouri, No. 04-8003-CV-W-GAF

APPELLANT'S PETITION FOR REHEARING

JON M. SANDS
Federal Public Defender
TIMOTHY M. GABRIELSEN (NV Bar No. 8076)
LETICIA MARQUEZ (AZ Bar No. 017357)
Assistant Federal Public Defenders
Office of the Federal Public Defender
  District of Arizona
407 West Congress Street, Suite 501
Tucson, Arizona 85701-1310
(520) 879-7614 / (520) 622-6844 (fax)

JOHN JENAB (MO Bar No. 47452)
Jenab & McCauley LLP
110 S. Cherry Street, Suite 200
Olathe, KS 66061
(913) 390-5023 / (913) 764-5539 (fax)

COUNSEL FOR APPELLANT

**PETITION FOR REHEARING**

## A.    Introduction.

Appellant German Sinisterra brought two claims on appeal of the denial of relief pursuant to 28 U.S.C. § 2255: 1) that he was denied his Sixth Amendment right to effective assistance of counsel where trial counsel failed to investigate and present at capital sentencing available mitigating evidence, including evidence of Sinisterra's mental illness and horrific childhood in his native Colombia; and, 2) that he was denied his Sixth Amendment right to effective assistance of counsel where trial counsel failed to object to various comments made by the Government in closing argument at the capital sentencing hearing that were objectionable as a matter of Eighth Amendment jurisprudence and circuit precedent.

In the opinion filed on April 1, 2010, the Court reversed the portion of the judgment of the district court in which the court denied, without an evidentiary hearing, Sinisterra's claim that his counsel rendered ineffective assistance for failing to investigate and present mitigating evidence. *See Sinisterra v. United States*, No. 08-1925, 2010 WL 1236310, at *11 (8th Cir. April 1, 2010). The Court remanded the matter to the district court with instructions to hold an evidentiary hearing on that claim. *Id*. at *4-6.

The Court further agreed with Sinisterra's contention that the Government committed misconduct in closing argument where one of the United States Attorneys argued *inter alia* that the jury should serve as the conscience of the community and send a message to all drug traffickers that the Kansas City community will not

1

Appellate Case: 08-1925     Page: 2     Date Filed: 05/17/2010 Entry ID: 3665205

tolerate drug crimes and related crimes of violence - by sentencing Sinisterra to death. *Id*. at *8-9. This Court ruled, consistent with circuit precedent, that such argument served to deprive Sinisterra of the individualized sentencing determination required by the Eighth Amendment. *Id*. at 9 - 10 (citing *Weaver v. Bowersox*, 438 F.3d 832, 841 (8th Cir. 2006); *United States v. Johnson*, 968 F.2d 768, 770-71 (8th Cir. 1992); *United States v. Lee*, 743 F.2d 1240, 1252-53 (8th Cir. 1984)). The Court found counsel to have rendered deficient performance under the first prong of the test for ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), because the law was well-settled with respect to capital closing argument and counsel failed to object to the Government's argument. *Sinisterra* at *9-10.

While the Court found that the Government's "send a message/conscience of the community comments *went beyond the pale and defense counsel offered no good reason for her failure to object*," the Court ruled that Appellant had not demonstrated sufficient prejudice, i.e., a reasonable probability of a different outcome, to require reversal and a new penalty hearing on the basis of *Strickland*. *Id*. at 10 (emphasis supplied).

Sinisterra seeks panel rehearing because the Court has misapplied circuit precedent that sets forth the test for prejudice a capital defendant must meet in order to gain relief in circumstances where the prosecution employs the very closing arguments it employed here in imploring the jury to impose a sentence of death.

**B.      Points misapprehended by the Court.**

The Court determined that Sinisterra failed to prove the prejudice prong of

2

*Strickland* for two reasons: 1) the jury instructions at the penalty phase were not defective; and, 2) Sinisterra could not show sufficient prejudice to warrant relief because of the existence of both statutory and non-statutory aggravating circumstances. *Sinisterra* at \*16-17. Specifically, the Court identified the statutory aggravating factors that Sinisterra committed the murder after substantial planning and premeditation, he expected pecuniary gain, and he acted with others in an attempt to kill more than one person. *Id*. at \*10. The Court found that the Government's evidence supported those factors and the non-statutory aggravating circumstances of future dangerousness and lack of remorse. *Id*.

### a. Penalty phase instruction did not minimize prejudice.

In the cases where this Court has vacated a death sentence and remanded for a new capital sentencing hearing, there has been no suggestion that the jury that imposed the death penalty was improperly instructed. In fact, it must be assumed that the jury was properly instructed, but that even proper instructions did not save the prosecution's penalty phase argument from constitutional attack.

In *Weaver*, where the Court acknowledged that proper instructions might reduce the prejudice suffered by a capital defendant from improper closing argument (*id*. at 840), the panel majority necessarily implicitly ruled that appropriate jury instructions did not save the death sentence from constitutional attack. Not even the dissenting judge relied on proper jury instructions as a basis for the Court to reverse the district court's grant of the writ of habeas corpus. *Id*. at 844-45 (Bowman, J., dissenting).

3

Appellate Case: 08-1925    Page: 4    Date Filed: 05/17/2010 Entry ID: 3665205

In *Newlon v. Armontrout*, 885 F.3d 1328, 1336 (8th Cir. 1989), the Court found that the trial court apparently sanctioned the prosecution's improper closing argument at the penalty phase where "the trial judge made no comments *sua sponte* and issued no curative instructions" to defuse the prejudicial argument.  As was true in *Weaver*, the *Newlon* Court failed to hold that otherwise proper jury instructions, in the face of serious prosecutorial misconduct, required the reversal of the district court's decision to grant the writ.  *See United States v. Rodriguez*, 581 F.3d 775, 817 (8th Cir. 2009) (Melloy, J., dissenting) (cumulative effect of various improper comments of Government in penalty phase closing argument violated due process notwithstanding trial court's curative instructions).

In *Johnson*, a non-capital case, the Court cited *Newlon* in holding that the trial court's standard instructions were not sufficient to save convictions for drug offenses from attack based on the Government's arguments that were similar to those identified by the Court as error in this case.  968 F.2d at 772.  The trial court's standard instructions in *Sinisterra* did not insulate the judgment from attack on the basis that the Government's improper argument prejudiced Sinisterra.

**b.  Aggravating circumstances did not minimize prejudice.**

The offense of which Sinisterra was convicted and sentenced to death was no more aggravated than the offense for which the petitioner was sentenced to death in *Weaver*.  In each case, the prosecution's evidence supported a theory that there was a murder for hire and the victim was killed execution style.  *See Weaver*, 438 F.3d at 835; *Sinisterra* at *1.

Appellate Case: 08-1925     Page: 5     Date Filed: 05/17/2010 Entry ID: 3665205

In addition, the United States Supreme Court has recognized that resentencing may be required where constitutional rights are violated even where the homicide for which the defendant is convicted and sentenced to death is highly aggravated. *See Williams (Terry) v. Taylor*, 529 U.S. 362, 368, 396-98 (2000). In *Williams*, the Court held that mitigating evidence that was not investigated and presented at trial, even when compared to voluminous evidence in aggravation that included evidence of prosecution mental health experts to the effect that there was a probability that the defendant would be dangerous in the future, required that the writ issue with respect to a claim of ineffective assistance of counsel at capital sentencing. 529 U.S. at 368-69.

   c.    **Defense counsel failed to minimize prejudice from Government's misconduct.**

The rationale provided by the Court as a basis of decision failed to account for another critical prong of the test outlined by the Court in *Weaver* to determine whether the prosecution's closing argument was sufficiently prejudicial to require reversal: "what defense counsel did in his [or her] argument to minimize prejudice." 438 F.3d at 840. Obviously, counsel did nothing at Sinisterra's capital sentencing hearing to ameliorate the prejudice of the Government's improper argument, as the claim alleges ineffective assistance of counsel for failure to interpose what this Court acknowledges would have been a successful objection. As the Court noted, defense counsel in charge of Sinisterra's penalty phase admitted not being sufficiently familiar with the law to recognize that the Government's closing argument was improper. *Sinisterra* at *9. As such, this case is distinguishable from those cases in

5

Appellate Case: 08-1925    Page: 6    Date Filed: 05/17/2010 Entry ID: 3665205

which the Court has held that a defense objection and a trial court's curative instruction were sufficient to minimize the prejudice to the capital defendant. *See Lee*, 743 F.2d at 1253 n. 5.

Defense counsel's failure to minimize the prejudice to Sinisterra from the Government's improper closing argument extends also to the sentencing phase closing argument misconduct raised by Sinisterra on direct appeal. The Government attempted to minimize the effect that familial love should have as mitigating evidence by making the argument that Adolph Hitler, Charles Manson, and Jeffrey Dahmer, like Sinisterra, had families who loved them. *See United States v. Ortiz*, 315 F.3d 973, 903 (8th cir. 2003). Apart from being highly inflammatory references to notorious mass-murderers, those comments had no support in the record and were simply not admissible. *See Rodriguez*, 581 F.3d at 803. The Court denied relief on direct appeal because trial counsel failed to object and because the claim was raised as plain error. *Id*.

In light of Ms. Herndon's affidavit submitted in the § 2255 proceedings, which was cited by the Court in its April 1, 2010, decision, the Court must presume that the absence of objection to the Hitler/Mason/Dahmer reference was due to trial counsel's ignorance of the law respecting the proper bounds of the prosecution's closing argument in the penalty phase of a capital trial rather than for any strategic purpose. The court erred in failing to consider these additional improper statements as part of the totality of the prejudice to Sinisterra from the Government's closing argument. As the Court has noted, the Government's improper remarks are to be considered

6

cumulatively to determine whether they prejudicially affected the defendant's substantial rights by depriving him of a fair trial. *United States v. Jumping Eagle*, 515 F.3d 794, 806 (8th Cir. 2008).

**C.      Conclusion.**

For the above reasons, Sinisterra respectfully requests that the panel grant rehearing to reconsider its decision of April 1, 2010, vacate that decision, reverse Sinisterra's death sentence and remand with instructions for the district court to conduct a new capital sentencing hearing.

Respectfully submitted this 17th day of May, 2010.

Jon M. Sands
Federal Public Defender
Timothy M. Gabrielsen
Leticia Marquez
Assistant Federal Public Defenders
John Jenab, Esq.


By s/Timothy M. Gabrielsen
TIMOTHY M. GABRIELSEN
Counsel for Appellant German C. Sinisterra

Appellate Case: 08-1925      Page: 8      Date Filed: 05/17/2010 Entry ID: 3665205

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of May, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

 s/Tamelyn McNeill
Secretary, Capital Habeas Unit
Federal Public Defender's Office
District of Arizona

Appellate Case: 08-1925     Page: 9     Date Filed: 05/17/2010 Entry ID: 3665205