**FEDERAL PUBLIC DEFENDER**
**District of Arizona**
**Capital Habeas Unit**
**407 West Congress Street, Suite 501**
**Tucson, Arizona 85701-1310**

**JON M. SANDS**
**Federal Public Defender**                    _____

                                                       **(520) 879-7622**
**TIMOTHY M. GABRIELSEN**                             **FAX  (520) 622-6844**
**Assistant Federal Public Defender**                **tim_gabrielsen@fd.org**

May 24, 2010

United States Court of Appeals for the Eighth Circuit
ATTN: Clerk of the Court, Capital Case
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

      Re:    *German C. Sinisterra v. United States*, Eighth Circuit No. 08-1925

Dear Clerk of the Court:

      Pursuant to FRAP 28(j), Appellant cites as supplemental authority for his petition for panel rehearing the decision in *United States v. Johnson*, No. 04-17, 2010 WL 2010476 (E.D.La. May 18, 2010). On consideration of defendant's post-trial motion, the court vacated a death sentence based on the misconduct of the prosecutor in rebuttal closing argument at the penalty phase. *Johnson* at *25-34. The decision supports Appellant's claim that he proved the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984).

      Appellant files as an Attachment the transcript of the rebuttal argument in *Johnson* that constituted reversible error. The prosecutor who made the objectionable rebuttal closing argument at the penalty phase in *Johnson*, Assistant United States Attorney Mark A. Miller, is the same prosecutor who made the improper penalty phase argument in *Sinisterra*. *See* Attachment at 1, 53; *Sinisterra v. United States*, No. 08-1925, 2010 WL 1236310 at *8-9 (8th Cir. April 1, 2010).

      Appellant cites the decision in *Johnson* because sentencing relief was granted on prosecutorial misconduct despite the defendant having shot two sheriff's deputies during a bank robbery, one of whom died as a result. *Johnson* at *1-2. That case was

1

more highly aggravated than *Sinisterra* because of Johnson's significant criminal history, which included weapons and bank robbery convictions, an untried murder and an unadjudicated bank robbery. *Johnson* at *2 & n.4, 8.

The court reversed based on Mr. Miller's arguments that appealed to the jury's emotions. *See Johnson* at *25-34. Several arguments were consistent with those found to be improper in *Sinisterra*. For example, the argument that other Louisiana parishes were watching the jury's verdict was a variation on Mr. Miller's argument in *Sinisterra* that the jury should "send a message" with its verdict. Att. at 54, 68. The Order and Reasons in *Johnson* also characterized Mr. Miller as experienced, capable and talented, and having "a very powerful voice and a commanding presence with a demeanor of extreme self-confidence." *Johnson* at *34.

Sincerely,

/s/ Timothy M. Gabrielsen

Jon M. Sands
Federal Public Defender
Timothy M. Gabrielsen
Leticia Marquez
Assistant Federal Public Defenders
John Jenab, Esq.

Counsel for Appellant
German C. Sinisterra

Appellate Case: 08-1925     Page: 2     Date Filed: 05/24/2010 Entry ID: 3667753