No. 08-1925

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

GERMAN C. SINISTERRA,

Petitioner - Appellant,

v.

UNITED STATES,

Respondents - Appellees.

On Appeal from the United States District Court
Western District of Missouri, No. 04-8003-CV-W-GAF

## UNOPPOSED MOTION FOR STAY OF MANDATE

JON M. SANDS
Federal Public Defender
TIMOTHY M. GABRIELSEN (NV Bar No. 8076)
LETICIA MARQUEZ (AZ Bar No. 017357)
Assistant Federal Public Defenders
Office of the Federal Public Defender
  District of Arizona
407 West Congress Street, Suite 501
Tucson, Arizona 85701-1310
(520) 879-7614 / (520) 622-6844 (fax)

JOHN JENAB (MO Bar No. 47452)
Jenab & McCauley LLP
110 S. Cherry Street, Suite 200
Olathe, KS 66061
(913) 390-5023 / (913) 764-5539 (fax)

COUNSEL FOR APPELLANT

# UNOPPOSED MOTION FOR STAY OF MANDATE

Appellant German Sinisterra, through counsel, moves pursuant to Rules 27 and 41 of the Federal Rules of Appellate Procedure and Eighth Circuit Rule 27 to stay the Court's mandate pending the filing of a petition for writ of certiorari in the United States Supreme Court. The petition for writ of certiorari would present a substantial question in this capital § 2255 matter and there is good cause for the Court to stay its mandate. *See* FRAP 41(d)(2)(A).

Appellant relies in support of this motion on the attached Memorandum in Support and on all of the pleadings and exhibits on file herein. Undersigned counsel spoke on this date with Assistant United States Attorney Jeff Valenti, counsel for Respondents-Appellees. Mr. Valenti is not opposed to this motion.

Respectfully submitted this 18th day of June, 2010.

Jon M. Sands
Federal Public Defender
Timothy M. Gabrielsen
Leticia Marquez
Assistant Federal Public Defenders
John Jenab, Esq.


By s/Timothy M. Gabrielsen
TIMOTHY M. GABRIELSEN
Counsel for Appellant German C. Sinisterra

1

Appellate Case: 08-1925    Page: 2    Date Filed: 06/18/2010 Entry ID: 3675836

# MEMORANDUM IN SUPPORT

## A.    Procedural posture.

German Sinisterra and co-defendants Arboleda Ortiz and Plutarco Tello were convicted of murder and other offenses in the United States District Court for the Western District of Missouri.  Sinisterra and Ortiz were sentenced to death while Tello was sentenced to life in prison.  The convictions and sentences of all three co-defendants were affirmed on direct appeal.  *United States v. Ortiz*, 315 F.3d 873 (8th Cir. 2002).  Drug kingpin Edwin Hinestroza ordered the murder and was charged jointly with the other three co-defendants, but was a fugitive at the time of their trial and was later tried, convicted of all charges, and sentenced to life in prison.  *Id*.

On February 28, 2006, Sinisterra filed an Amended Motion to Vacate, Set Aside, or Correct Convictions and Sentences Pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure.  Dist. Ct. Doc. No. 41.  The district court denied relief.  Dist. Ct. Doc. No. 69.  On February 20, 2008, the district court denied Sinisterra's Motion to Alter or Amend Judgment.  Dist. Ct. Doc. No. 75.  Notice of Appeal was filed on April 18, 2008.  Dist. Ct. Doc. No. 76.  On April 18, 2008, the district court denied Movant's Application for Certificate of Appealability ("COA").  Dist. Ct. Doc. No. 80.  On July 24, 2008, this Court granted a COA as to four claims of ineffective assistance of counsel, including the failure of counsel to object to the Government's penalty phase argument.  Eighth Cir. Doc. No. 14.

On April 1, 2010, the Court reversed the portion of the judgment in which the district court denied, without an evidentiary hearing, Sinisterra's claim that his

2

counsel rendered ineffective assistance for failing to investigate and present mitigating evidence. *See Sinisterra v. United States*, No. 08-1925, 2010 WL 1236310, at \*11 (8th Cir. April 1, 2010). The Court remanded the matter with instructions to hold an evidentiary hearing on that claim. *Id*. at \*4-6.

The Court further ruled that the Government committed misconduct in closing argument where Assistant United States Attorney Mark A. Miller argued *inter alia* that the jury should serve as the conscience of the community and send a message to all drug traffickers that the Kansas City community will not tolerate drug crimes and related crimes of violence - by sentencing Sinisterra to death. *Id*. at \*8-9. The Court ruled, consistent with circuit precedent, that such argument deprived Sinisterra of the individualized sentencing determination required by the Eighth Amendment. *Id*. at 9 - 10. The Court found trial counsel to have rendered deficient performance under the first prong of the test for ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), for failure to object to the argument. *Id*.

While the Court found that the Government's "send a message/conscience of the community comments went beyond the pale and defense counsel offered no good reason for her failure to object," the Court ruled that Sinisterra had not demonstrated sufficient prejudice, i.e., a reasonable probability of a different outcome, to require reversal and a new penalty hearing on the basis of *Strickland*. *Id*. at 10.

Sinisterra sought panel rehearing on the basis that the Court misapplied circuit precedent with respect to the test for prejudice. On June 14, 2010, the Court denied the Petition for Panel Rehearing. Eighth Cir. Doc. No. 71.

3

**B.      Grounds for staying the Court's mandate.**

A stay motion is the appropriate vehicle to employee to prevent jurisdiction from re-vesting in the district court while a petition for writ of certiorari is considered by the Supreme Court. *See United States v. Hessman*, 477 F.3d 977, 981 (8th Cir. 2007). This Court has granted stays of its mandate in capital cases to allow a petitioner to petition for a writ of certiorari. *See, e.g., Hill v. Lockhart*, 939 F.2d 544 (8th Cir. 1991), where the Court stayed its mandate after the denial of rehearing in an Arkansas capital habeas corpus case, *Hill v. Lockhart*, 927 F.2d 340 (8th Cir. 1991).[1]

Under FRAP 41(c)(2)(A), a stay of a stay of the mandate should issue where the moving party demonstrates "that the certiorari petition would present a substantial question and that there is good cause for a stay." Mr. Sinisterra meets those criteria here.

**1.      The petition would present a substantial question.**

Preliminarily, Sinisterra notes that this is a death penalty case. The Supreme Court has repeatedly observed that "death is different" and has required a high degree of procedural regularity in the procedures that lead to imposition of the death penalty. *See Woodson v. North Carolina*, 428 U.S. 280, 303 (1976) (plurality); *Lockett v. Ohio*, 438 586, 604 (1978) (plurality). In *Gardner v. Florida*, 430 U.S. 349, 357-58

---

[1] The time for filing a petition for writ of certiorari is 90 days from the date of judgment or denial of rehearing. *See* Supreme Court Rule 13(a), (c). In *Hill*, the Court granted a stay of days with a provision that the stay continue were the Supreme Court clerk to inform the clerk of this Court that a petition for writ of habeas corpus had indeed been filed. 939 F.2d 544.

Appellate Case: 08-1925      Page: 5      Date Filed: 06/18/2010 Entry ID: 3675836

(1977), the Court stated:

> From the point of view of the defendant, [the death penalty] is different in both its severity and its finality. From the point of view of society, the action of the sovereign in taking the life of one of its citizens differs dramatically from any other legitimate state action. It is of vital interest to the defendant and the community that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion.

As such, the Court "has demanded that factfinding procedures aspire to a heightened standard of reliability." *Ford v. Wainwright*, 477 U.S. 399, 411 (1986).

This Court acknowledged in its opinion that the Government failed to comply with circuit precedent in its penalty phase closing argument. That procedural failure deprived Sinisterra of the individualized capital sentencing determination required by the Eighth Amendment. The Court ruled, however, that Sinisterra could not demonstrate sufficient prejudice to prevail under *Strickland*.

The substantial questions Sinisterra would place before the Supreme Court in a petition for writ of certiorari include: 1) whether the district court should be required to assess the strength of the prosecutor's penalty phase closing argument and its impact on the jury's deliberations, not merely its content, now that this Court has determined that the argument *did* constitute error that subverted Sinisterra's Eighth Amendment rights; 2) whether this Court unfairly gave undue weight to proper penalty phase jury instructions as part of the calculus for determining whether Sinisterra suffered prejudice under *Strickland's* second prong sufficient to require that the writ issue; and 3) whether the presence of more than one statutory aggravating circumstance necessarily precludes a capital movant from demonstrating sufficient

5

prejudice to prevail on a claim of ineffective assistance of counsel for failing to object to improper penalty phase argument.

### a. Inquiry is required into strength and quality of improper argument, not just its content.

The district court should be required to assess the strength of Assistant United States Attorney Miller's closing argument in light of the fact that no characterization of that argument was performed in this case by the district court. That court believed, erroneously, that the argument did not constitute error in the first instance. Dist. Ct. Doc. No. 69 at 22 ("Furthermore, the remarks Mr. Sinisterra references do not amount to an improper emotional appeal"). The court therefore had no reason to assess the strength and quality of the prosecutor's argument.

In addition, the United States District Court for the Eastern District of Louisiana, during the pendency of Sinisterra's rehearing petition, evaluated the strength of a penalty phase closing argument by Mr. Miller in another federal capital case and determined that the improper argument required *vacatur* of the death penalty and a new capital sentencing hearing. *See* Order and Reasons, *United States v. Johnson*, No. 04-17, 2010 WL 2010476 at *25-36 (E.D.La. May 18, 2010). There, the Order and Reasons characterized Mr. Miller as experienced, capable and talented, and having "a very powerful voice and a commanding presence with a demeanor of extreme self-confidence." *Id*. at *34.

A petition for writ of certiorari would ask the Court whether the forcefulness and quality of the prosecutor's improper argument, not just its content, are to be weighed in the *Strickland* prejudice analysis. If so, the matter needs to be remanded

6

to the district court, which presided at trial and observed the argument, for a determination similar to the one made in *Johnson* in the Eastern District of Louisiana.

### b. Penalty phase instruction did not minimize prejudice.

A petition for writ of certiorari would also ask whether the Court has relied too heavily on otherwise acceptable jury instructions at the penalty phase, therefore unconstitutionally minimizing the prejudice suffered by Sinisterra. In *Weaver v. Bowersox*, 438 F.3d 832, 840 (8th cir. 2006), the Court acknowledged that proper instructions might reduce the prejudice suffered by a capital defendant from improper closing argument. However, the panel majority implicitly ruled that appropriate jury instructions did not save the death sentence from constitutional attack where the arguments of the prosecutor were similar to the arguments identified here as being improper denigrations of the Eighth Amendment's requirement of individualized sentencing. Not even the dissenting judge in *Weaver* relied on proper jury instructions as a basis for the Court to reverse the district court's grant of the writ of habeas corpus. *Id*. at 844-45 (Bowman, J., dissenting) (relief should be denied on basis that there is no controlling Supreme Court precedent to which to defer in § 2254 case).

In *Newlon v. Armontrout*, 885 F.3d 1328, 1336 (8th Cir. 1989), the Court found that the trial court apparently sanctioned the prosecution's improper closing argument at the penalty phase where "the trial judge made no comments *sua sponte* and issued no curative instructions" to defuse the prejudicial argument. As was true in *Weaver*, the *Newlon* Court failed to hold that otherwise proper jury instructions, in the face of

7

serious prosecutorial misconduct, required the reversal of the district court's decision to grant the writ. *See United States v. Rodriguez*, 581 F.3d 775, 817 (8th Cir. 2009) (Melloy, J., dissenting) (cumulative effect of various improper comments of Government in penalty phase closing argument violated due process notwithstanding trial court's curative instructions).

In *United States v. Johnson*, 968 F.2d 768, 772 (8th Cir. 1992), the Court cited *Newlon* in holding that the trial court's standard instructions were not sufficient to save convictions for drug offenses from attack based on the Government's arguments that were similar to those identified by the Court as error in this case. The trial court's standard instructions in *Sinisterra* did not insulate the judgment from attack on the basis that the Government's improper argument prejudiced Sinisterra.

### c. Aggravating circumstances did not minimize prejudice.

Finally, Mr. Sinisterra would ask the Supreme Court to determine whether the portion of this Court's decision that would find insufficient prejudice due to the presence of aggravating circumstances (*Sinisterra* at *10) can be squared with its decisions in which habeas relief has been granted on a claim of ineffective assistance of counsel even where the offense was highly aggravated. The Supreme Court has recognized that resentencing may be required where constitutional rights are violated even where the homicide for which the defendant is convicted and sentenced to death is highly aggravated. *See Williams (Terry) v. Taylor*, 529 U.S. 362, 368, 396-98 (2000). In *Williams*, the Court held that mitigating evidence that was not investigated and presented at trial, even when compared to voluminous evidence in aggravation

8

that included evidence of prosecution mental health experts to the effect that there was a probability that the defendant would be dangerous in the future, required that the writ issue with respect to a claim of ineffective assistance of counsel at capital sentencing. 529 U.S. at 368-69.

The offense of which Sinisterra was convicted and sentenced to death was no more aggravated than the offense for which the petitioner was sentenced to death in *Weaver*. In each case, the prosecution's evidence supported a theory that there was a murder for hire and the victim was killed execution style. *See Weaver*, 438 F.3d at 835; *Sinisterra* at *1. Sinisterra would thus ask the Supreme Court whether this Court overstated the value of aggravating evidence in determining whether there is a reasonable probability that Sinisterra's jury would not have sentenced him to death had the assistant United States attorney not engaged in the misconduct found by this Court to have taken place in the closing argument.

This Court found that "the prosecutor's send a message/conscience of the community comments went beyond the pale." *Sinisterra* at *10. For the reasons identified above, the Supreme Court may find that the comments that went "beyond the pale" resulted in sufficient prejudice to require reversal under *Strickland*.

**2.      Good cause exists to stay the proceedings.**

Good cause to stay the mandate exists for two reasons: 1) Sinisterra will be executed should the district court deny relief on the other ineffective assistance claim after the evidentiary hearing ordered by this Court and should the Court later deny relief on appeal; and, 2) interests judicial economy and conservation of resources.

9

Appellate Case: 08-1925     Page: 10     Date Filed: 06/18/2010 Entry ID: 3675836

Sinisterra has some trepidation in returning to the district court for an evidentiary hearing. As he noted in his Opening Brief and as the Court found in its opinion, the district court uncritically accepted as true the false recitation of record facts the Government stated in its opposition to Sinisterra's § 2255 motion, which contributed significantly to the court's denial of relief on the claim of ineffective assistance for failure to investigate and present available mitigating evidence. *See Sinisterra* at *11 n. 2 & 3. Before running that gauntlet again, Sinisterra should be permitted to attempt to vindicate in the Supreme Court the Sixth and Eighth Amendment claims he argued in this Court were denied him.

The interests of judicial economy and conservation of the parties' scarce federal resources also militate in favor of allowing Sinisterra a stay of the Court's mandate so he may seek certiorari. Sinisterra is a Colombian national, and the Federal Public Defender is engaged in a mitigation investigation abroad that would support both the deficient performance and prejudice prongs of the test for ineffective assistance of counsel under *Strickland*. Dozens of witnesses have been contacted in person or by telephone in Colombia during the investigation. Yet the resources expended to date pale in comparison with those that will be required in the litigation of the evidentiary hearing.

Undersigned counsel anticipate compelling the presence of witnesses from Colombia who were not permitted entry by the United States Government at the capital sentencing hearing in 2000. This Court noted their absence, and questioned it, in the direct appeal opinion. *See Ortiz*, 315 F.3d at 904. Either those witnesses

10

will finally be produced or measures will be taken to obtain and preserve their testimony.

Substantial discovery will also be required. As the Court noted on appeal, Jennifer Herndon, Sinisterra's lead sentencing counsel, and Investigator Daniel Grothaus averred that they had no knowledge of the apparently substantial mitigating evidence that was not presented at sentencing. *Sinisterra* at \*3. Fred Duchardt, Sinisterra's lead trial counsel, swore on the other hand that he was aware of *all* of that mitigating evidence. *Id*. Those two conflicting versions are clearly not true.

Undersigned counsel will seek both subpoenas *duces tecum* and deposition subpoenas for these significant players, as well as information in the possession of others with knowledge of the mitigating evidence and its investigation. That search will include investigation concerning Dr. Enrique dos Santos, who Duchardt stated in his affidavit, was approached prior to trial to evaluate Sinisterra but, curiously, was not called as a mitigation witness. The § 2255 motion and request for evidentiary hearing was supported with the report of Dr. Antolin Llorente, a neuropsychologist who found evidence of organic brain damage, low intellectual functioning and psychological illness related at a minimum to the abuse and neglect of Sinisterra during his childhood. The Court has ordered that Sinisterra be permitted to challenge at the evidentiary hearing defense counsel's failure to present mental health evidence.

As Justice O'Connor has stated, the Court should consider the "stay equities" in deciding whether to issue the stay. *Tate v. Rose*, 466 U.S. 1301, 1302 (1984) (O'Connor, J., in chambers). As was true in that case, the stay requested by Sinisterra

11

here "should not cause a significant incremental burden to respondent." *Id.* The brief delay that the preparation and consideration of a petition for writ of certiorari would cause here is of minor importance compared to the potential loss of a capital habeas petitioner's life.

## C. Conclusion.

For the above reasons, Sinisterra respectfully requests that the Court stay its mandate so that his counsel may place these substantial questions before the Supreme Court in a petition for writ of certiorari. Sinisterra requests that once a timely petition for writ of certiorari is filed, the stay remain in effect until the Supreme Court disposes of the petition.

Respectfully submitted this 18th day of June, 2010.

Jon M. Sands
Federal Public Defender
Timothy M. Gabrielsen
Leticia Marquez
Assistant Federal Public Defenders
John Jenab, Esq.


By s/Timothy M. Gabrielsen
    TIMOTHY M. GABRIELSEN
    Counsel for Appellant German C. Sinisterra

12

Appellate Case: 08-1925     Page: 13     Date Filed: 06/18/2010 Entry ID: 3675836

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of June, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

 s/Tamelyn McNeill
Secretary, Capital Habeas Unit
Federal Public Defender's Office
District of Arizona